**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRITTANY BLUE, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No.: 1:26-cv-00292-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| COUNTY OF WARREN, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

AND NOW, comes the Defendant, County of Warren, by and through its counsel, MARSHALL DENNEHEY, P.C. and TERESA O. SIRIANNI, ESQUIRE, and files its ANSWER AND DEFENSES, and states in support thereof the following:

### PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's race and current residence and therefore denies those allegations.

2. Admitted.

3. Admitted. By way of further response, Defendant denies that the Warren County prison is a separate legal entity capable of being sued and denies any remaining allegation in Paragraph 3.

## VENUE

4. Paragraph 4 states a legal conclusion concerning the jurisdiction of the Court of Common Pleas before removal and therefore requires no response. To the extent a response is required, Defendant denies this allegation.

5. Defendant admits that Warren County is located in the Commonwealth of Pennsylvania and that the acts and occurrences alleged in Plaintiff's Complaint took place in Warren County. The remaining allegations state legal conclusions concerning venue and therefore require no response. To the extent a response is required, Defendant denies those allegations.

## FACTUAL ALLEGATIONS

6. Admitted.

7. Defendant lacks knowledge or information sufficient to form a belief about the nature, extent, or effect of Plaintiff's alleged medical condition and therefore denies those allegations. Defendant admits that Plaintiff could perform all essential functions of the Corrections Officer position on a full-time basis with a day shift only restriction. The remaining allegations of Paragraph 7 are denied as they constitute conclusions of law.

8. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 8 and therefore denies those allegations.

9. Defendant admits that, in or about April 2025, Plaintiff submitted medical documentation concerning her ability to return to work. Said medical documentation is the best evidence of these allegations. Accordingly, Defendant denies any characterization of the documentation that is inconsistent with its terms.

10. Denied. Defendant further denies that it unlawfully refused a reasonable accommodation, forced Plaintiff to accept part-time employment, or otherwise acted unlawfully.

11. Defendant admits that Plaintiff withdrew her pension from the County. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's personal finances or whether Plaintiff incurred tax penalties or impaired future retirement benefits and therefore denies those allegations. Defendant denies that any act or omission by Defendant caused the alleged financial harm.

12. Defendant admits that, in or about September and/or October of 2025 that the parties discussed Plaintiff's employment status, work schedule, compensation, seniority, and pension contributions and scheduling Plaintiff to a full-time position working day shift only. Any written communications concerning those discussions are the best evidence of the discussions. Accordingly, Defendant denies Plaintiff's characterization of those communications to the extent they are inconsistent with the terms of the written documents or differ from the written documents to the extent they concern the allegations in this paragraph.

13. The allegations of Paragraph 13 are admitted only to the extent that Defendant made no payment of backpay. The remaining allegations of Paragraph 13 are denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied as stated.

18. Denied. By way of further response, Defendant lacks knowledge or information sufficient to form a belief about the amount of Plaintiff's alleged losses and therefore denies those allegations.

19. Denied. By way of further response, Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's alleged mental anguish, embarrassment, humiliation, and stress and therefore denies those allegations.

20. Denied.

**COUNT 1 – Defendant's Violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA")**

21. Defendant incorporates the answers in Paragraphs 1 through 20 above as if fully set forth herein.

22. Paragraph 22 states a legal conclusion and quotes or paraphrases federal law, to which no response is required. To the extent a response is required, Defendant denies any allegation that it violated the Americans with Disabilities Act.

23. Paragraph 23 states a legal conclusion and quotes or paraphrases federal law, to which no response is required. To the extent a response is required, Defendant denies any allegation inconsistent with the applicable law.

24. Paragraph 24 states a legal conclusion and quotes or paraphrases federal law, to which no response is required. To the extent a response is required, Defendant denies any allegation inconsistent with the applicable law.

25. Defendant admits that Plaintiff reported she had seizures. Defendant lacks knowledge or information sufficient to form a belief as to the precise nature, extent, or effect of Plaintiff's alleged condition and therefore denies the remaining allegations in Paragraph 25, including any legal conclusion that Plaintiff was an individual with a disability within the meaning of the Americans with Disabilities Act.

26. Defendant admits that Plaintiff could perform the essential functions of the Corrections Officer position with a day shift only restriction which the Defendant provided. Defendant denies any remaining allegations which constitute legal conclusions in Paragraph 26.

27. The allegations of Paragraph 27 constitute legal conclusions which are denied.

28. Defendant denies that it violated the Americans with Disabilities Act or caused Plaintiff to sustain any recoverable damages. Defendant further denies any remaining allegations in Paragraph 28.

WHEREFORE, Defendant demands judgment in its favor, including all costs.

**COUNT 2 – Defendant's Violations of the**
**Pennsylvania Human Relations Act 43 P.S. § 955 ("PHRA")**

29. Defendant incorporates the answers in Paragraphs 1 through 28 above as if fully set forth herein.

30. Paragraph 30 states a legal conclusion and quotes or paraphrases Pennsylvania law, to which no response is required. To the extent a response is required, Defendant denies any allegation that it violated the Pennsylvania Human Relations Act.

31. Defendant admits that it employed Plaintiff during the relevant period. Defendant denies any remaining allegations in Paragraph 31 as they constitute conclusions of law.

32. Defendant admits that Plaintiff reported that she had seizures. Defendant lacks knowledge or information sufficient to form a belief as to the precise nature, extent, or effect of Plaintiff's alleged condition and therefore denies the remaining allegations in Paragraph 32, including any legal conclusion that Plaintiff had a non job related disability within the meaning of the Pennsylvania Human Relations Act.

33. Denied.

34. Defendant admits that certain terms and conditions of Plaintiff's employment changed during the relevant period which was changed at Plaintiff's request. Defendant denies that any such change violated any applicable law.

35. To the extent Defendant can interpret the allegations of Paragraph 35, Defendant denies the allegations in Paragraph 35. By way of further response, Plaintiff was not the most senior employee in the position.

36. Denied.

37. Defendant denies that it violated the Pennsylvania Human Relations Act or caused Plaintiff to sustain any recoverable damages. Defendant denies any remaining allegations in Paragraph 37.

WHEREFORE, Defendant demands judgment in its favor, including all costs.

## DEFENSES

### First Defense

Subject to discovery, Plaintiff's claims may exceed the scope of her administrative charge filed and may bar her claims in part and/or in whole.

### Second Defense

Subject to discovery, Plaintiff may not establish a prima facie case of any of her causes of action.

### Third Defense

Plaintiff is not entitled to punitive damages as a matter of law.

### Fourth Defense

At all times relevant to the matters complained of Plaintiff's Complaint, Defendant acted with lawful, legitimate reasons and motivations.

**Fifth Defense**

At all times relevant to the matters complained of Plaintiff's Complaint, the Defendant's actions were justified and/or privileged.

**Sixth Defense**

Plaintiff's alleged injuries, sufferings, and/or damages, if any, were caused by her own actions and not by any alleged violation of any law on the part of the Defendant.

**Seventh Defense**

Plaintiff may have failed to mitigate her damages. Any recovery must be reduced to the extent Plaintiff failed to seek, accept, or maintain substantially equivalent employment, failed to pursue available income or benefits, or otherwise failed to mitigate her alleged losses.

**Eighth Defense**

Subject to discovery, Plaintiff's claims may be barred by laches, waiver, estoppel, claim preclusion, and/or issue preclusion.

**Ninth Defense**

All employment actions taken with respect to Plaintiff were done at her own request and to accommodate her alleged disability.

**Tenth Defense**

1. Defendant promptly accommodated Plaintiff upon receipt of her request for an accommodation and upon her returning to work.
2. Plaintiff voluntarily elected to reduce her employment to part time with the Defendant after the Defendant accommodated Plaintiff's request to only work the day shift.
3. Plaintiff voluntarily resigned her full time employment with the Defendant in April, 2025 in order to take another different job unrelated to her position as a Corrections Officer.

4. When Plaintiff worked part time for the Defendant, Defendant at all times and in accordance with its practices, procedures and/or the applicable union contract only offered Plaintiff day shifts as they became known and available for scheduling per her requested accommodation.
5. Defendant specifically denies any alleged refusal to accommodate Plaintiff's request to only work the day shift.
6. Plaintiff had been offered day shift work only up until the time she voluntarily resigned in November 2025.

**Eleventh Defense**

Defendant at all times acted in accordance with all applicable laws when determining and assigning Plaintiff's work schedule.

**Twelfth Defense**

Plaintiff is not entitled to any of the relief requested in her Complaint. Subject to discovery, Plaintiff has not established any legal or factual basis for the damages she is requesting.

**Thirteenth Defense**

The Defendant has appropriate and lawful policies in accordance with and/or required by the ADA and/or the PHRA.

**Fourteenth Defense**

The Defendant invokes all applicable immunity defenses under state and federal law to the extent applicable.

**Fifteenth Defense**

Plaintiff's own conduct caused or otherwise contributed to the actions and damages of which she now complains.

**Sixteenth Defense**

To the extent applicable, Defendant at all times engaged in good-faith interactive process discussions with Plaintiff regarding her requested accommodations.

**Seventeenth Defense**

Defendant at all times acted in good faith when dealing with Plaintiff.

**Eighteenth Defense**

Some of Plaintiff's allegations concerning interactions with the Defendant may constitute settlement discussions which are inadmissible as evidence.

**Nineteenth Defense**

Defendant denies that any challenged action was taken because of Plaintiff's disability, accommodation request, or other protected activity.

**Twentieth Defense**

Defendant denies that Plaintiff was actually or constructively discharged.

**Twenty-First Defense**

The circumstances leading up to Plaintiff's resignation did not make Plaintiff's working conditions so objectively intolerable that a reasonable person would have been compelled to resign.

**Twenty-Second Defense**

Defendant denies intentionally creating or knowingly permitting intolerable working conditions for the purpose of forcing Plaintiff to end her employment.

**Twenty-Third Defense**

To the extent the Complaint purports to assert retaliation, Plaintiff fails to allege or prove the required causal connection between protected activity and a materially adverse action.

**Twenty-Fourth Defense**

Defendant denies retaliating against Plaintiff for requesting an accommodation or engaging in any other protected activity.

**Twenty-Fifth Defense**

Any allegation concerning employment-related treatment of Plaintiff's husband does not establish an actionable claim by Plaintiff.

**Twenty-Sixth Defense**

Defendant is not liable for losses, injuries, or damages that were not proximately caused by an unlawful act attributable to Defendant.

Defendant asserts these defenses based on the allegations presently available. Defendant may seek leave to amend its Answer to assert additional defenses disclosed through discovery or otherwise permitted by the Federal Rules of Civil Procedure and the Court's orders.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: ______________________________

TERESA O. SIRIANNI, ESQUIRE
PA ID #90472
tosirianni@mdwcg.com
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
(412) 803-1140
(412) 803-1188/fax
**Counsel for Defendant,**
**County of Warren**